DLD-175                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4670
_____

OPHELIA RAY TURNER,
                                                        Appellant
v.

THE CHILDREN'S HOSPITAL OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 09-cv-05450)
District Judge: Berle M. Schiller
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 22, 2010

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges

(Opinion filed: April 30, 2010)
_____

OPINION
_____

PER CURIAM

        Appellant Ophelia Ray Turner filed an in forma pauperis civil rights action, 42

U.S.C. § 1983, in United States District Court for the Eastern District of Pennsylvania

against The Children's Hospital of Philadelphia.  A Philadelphia Court of Common Pleas

jury had rendered a verdict in favor of the hospital and against her, and Turner alleged that her constitutional rights, as an elderly pro se litigant, were violated. The rights allegedly violated arose under the Due Process and Equal Protection Clauses, and the Seventh and First Amendments. Turner attached a copy of the Pennsylvania Superior Court docket to her complaint, which indicated that she had appealed the verdict, see Turner v. Children's Hospital of Philadelphia, 2291 EDA 2009, Trial Court Docket No: Nov. Term 2007 No. 003161.

In an order entered on November 20, 2009, the District Court granted Turner's motion to proceed in forma pauperis and dismissed her complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The court reasoned that there were no allegations in the complaint that would permit it to find that the hospital was a state actor, and, in the alternative, federal district courts do not have subject matter jurisdiction to review state court decisions pursuant to the Rooker-Feldman doctrine. See District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

Turner appeals. Our Clerk granted her leave to appeal in forma pauperis and advised her that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. She was invited to submit argument in writing, and has done so. In her submission, Turner stated that the hospital violated its safety procedures in connection with an event that

resulted in her being "stuck with a needle." The Municipal Judge improperly instructed the state court jury on the applicable law and thereby relieved the hospital of liability. In her Notice of Appeal, Turner stated that, having appealed unsuccessfully to the state supreme court, her only recourse was to turn to the federal district court.

We will dismiss the appeal as frivolous. We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We agree with the District Court that the complaint lacked an arguable basis in the law. Turner failed to allege that the hospital acted under color of law in allegedly depriving her of her constitutional rights, see West v. Atkins, 487 U.S. 42, 48-49 (1988). The hospital's alleged infringement of Turner's federal rights was not properly alleged to be "fairly attributable to the State," Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). For this reason alone, her section 1983 action will not lie.

In addition, pursuant to the Rooker-Feldman doctrine, lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are actually litigated or inextricably intertwined with a state court's decision in a judicial proceeding. See Parkview Associates Partnership v.

3

City of Lebanon, 225 F.3d 321, 325 (3d Cir. 2000). Even if Turner did not actually litigate her constitutional claims in state court, see Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 420 (3d Cir. 2003), her complaint that the proceedings were unfair to her as a pro se litigant are inextricably intertwined with the state court's judgment, because, in order to grant the relief sought, the District Court would have had to determine that the state court judgment was erroneously entered or take action that would have rendered the state court judgment ineffectual, see FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996). Thus, the doctrine applies, and federal appellate review of the state court's judgment in Turner's case lies only in the United States Supreme Court under 28 U.S.C. § 1257.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).